(34 Misc. Rep. 527.)

## BERNEY v. MARKS.

(Supreme Court, Appellate Term.　April 22, 1901.)

CONVERSION—WAGER.

　　Where plaintiff wagered a ring on the weight of a certain diamond, which was to be weighed in the presence of the parties after notice, conversion for the ring will lie against the party to the bet who obtained possession of it without giving plaintiff any notice of the weighing of the diamond, since there was a deviation from the agreement whereby defendant was to get possession of the chattel.

Appeal from municipal court, borough of Manhattan, Fourth district.

Action by Louis A. Berney against William L. Marks. From a judgment of the New York municipal court in favor of plaintiff, defendant appeals. Affirmed.

Argued before BISCHOFF, P. J., and CLARKE and LEVEN-TRITT, JJ.

Frederick W. Block, for appellant.

Abram S. Jaffer, for respondent.

BISCHOFF, P. J. This action is for the conversion of a ring, which had been deposited by the plaintiff with a stakeholder as security for a wager of $100 made by him with the defendant touching the assumed weight of a certain diamond owned by the latter. The terms of the wager included the weighing of the diamond in the presence of the parties, on notice, and the proof for the plaintiff was that he had received no notice whatever nor any opportunity of paying his bet, and that his defeat was brought home to him first through what he could infer when his ring came to view upon defendant's hand. The issue as to whether the plaintiff was given notice, according to the agreement, was presented upon conflicting testimony, but there is no ground for our disturbing the result upon the facts; and the finding that there was no notice supports the cause of action for conversion, since the defendant's possession is thus disclosed to have been obtained through a delivery by the stakeholder in disregard of the agreed limits of his authority, with the result that no title passed. Hodge v. Sexton, 1 Hun, 576. We are not called upon to say whether the appellant is correct in his contention that property lost at play must be recovered, if at all, in an action for the return of the specific thing lost, for here there was a deviation from the agreement whereby the defendant was to get possession of the chattel, and an action for conversion lies, upon general principles, without resort to the statute applicable to gaming.

The judgment should be affirmed, with costs. All concur.